504 A.2d 940

**COMMONWEALTH of Pennsylvania**

v.

**Mark HAMMOND, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 25, 1985.

Filed Feb. 3, 1986.

---

478

John H. Corbett, Jr., Public Defender, Pittsburgh, for appellant.

Kemal A. Mericli, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CIRILLO, BECK, and WATKINS, JJ.

CIRILLO, Judge:

This is an appeal from a judgment of sentence of the Court of Common Pleas of Allegheny County. Following a trial by jury, appellant Mark Hammond was found guilty of robbery; post-verdict motions were denied. Hammond received a prison term of twenty-four to forty-eight months. We affirm.

Appellant urges three trial court errors. First, he contends the jury was improperly coerced into reaching a guilty verdict. He next maintains the jury was improperly instructed on the meaning of "reasonable doubt." Finally, appellant argues that the trial court abused its discretion in applying the "deadly weapon enhancement" provision of the Sentencing Guidelines, 42 P.C.S. § 9721.

■ After the jury returned with its initial guilty verdict, the jurors were polled at defense counsel's request. It was discovered that two of the jurors disagreed with the verdict. Consequently, the trial judge re-instructed the jurors and sent them back to deliberate further. They came back with a verdict of guilty. Appellant urges that the instructions given prior to the second round of deliberations were coercive in violation of *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), and *Commonwealth v. Spencer*, 442 Pa. 328, 275 A.2d 299 (1971). Specifically, appellant finds such coerciveness based on three sentences included in the judge's instructions: "You cannot be discharged from your duties until you have reached a unanimous verdict; ... each juror should not hesitate to re-examine his or her own view; ... come back with a verdict."

If the statements relied upon by appellant were the sum total of the judge's instructions, we might find coerciveness. However, as appellant himself points out, we cannot base a finding of error on isolated sentences that are without any context; it is the effect of the jury charge as a whole that is controlling.[1] *Commonwealth v. Pierce,* 345 Pa.Super. 324, 498 A.2d 423 (1985); *Commonwealth v. Davis,* 331 Pa.Super. 285, 480 A.2d 1035 (1984); *Commonwealth v. Melendez,* 326 Pa.Super. 531, 474 A.2d 617 (1984). When the jury instructions are read as a whole, it is clear that the dissenting jurors were not coerced into adopting a view not truly their own. The judge stated repeatedly that the jurors should not give in to their peers simply for the sake of ending the trial: "... none of you should surrender an honest conviction ... merely for the purpose of reaching a verdict." While this might not be quite as strong as stating outright that jurors are free to disagree, such explicit language is not a necessary part of the jury instructions. *Commonwealth v. Patrick,* 416 Pa. 437, 206 A.2d 295 (1965).

Appellant maintains, however, that even when taken as a whole, the instructions had a coercive effect in light of the late hour of the day at which the jury was sent back to deliberate further. We disagree. As the trial judge observes in his opinion, the trial lasted for less than one day, and the jury had been out for only two hours. This was hardly a situation in which the jury was obviously deadlocked beyond hope. In sum, we find no defect in the jury instructions.

Appellant next argues that in its second charge to the jury, the trial judge improperly defined "reasonable doubt" to the prejudice of appellant. After explaining that it was incumbent upon the Commonwealth to prove appellant guilty beyond a reasonable doubt, the judge concluded,

1. For this reason, we reject appellant's wholesale reliance on *Jenkins v. United States,* 380 U.S. 445, 85 S.Ct. 1059, 13 L.Ed.2d 957 (1965). Since the instructions must be read as a whole, we cannot simply compare isolated sentences; the same words can be coercive in one context and proper in another.

"If the Commonwealth does not meet its burden, then you *should* find him [appellant] not guilty." (emphasis supplied). In appellant's view, the judge's failure to use the word "must" instead of "should" was error.

Again, we must consider the jury charge as a whole. The charge explains at considerable length that appellant shall be found not guilty unless each and every juror can assert, without a doubt that would cause him or her to hesitate in the conduct of his or her own affairs, that appellant was guilty as charged. We also note that Black's Law Dictionary, Fifth Edition, defines "should" as implying a duty or obligation. The judge was therefore free to use the term, since he may use his own definition so long as it aptly sets forth the law. *Commonwealth v. Melendez, supra.* Taken as a whole, the charge sufficiently stated the applicable standard.

Finally, we consider appellant's contention that the trial court erred in considering the "weapons enhancement" provision of the Sentencing Guidelines, 42 P.C.S. § 9721. Appellant maintains that the jury's verdict of guilty of robbery does not necessarily mean the jury believed appellant had a gun at the time of the crime, since the victim may have feared bodily injury at the hands of appellant and his cohorts even if they were unarmed.

In *Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985), our Supreme Court considered a separate but similar sentencing provision, 42 P.C.S. § 9712, which dictates a minimum mandatory sentence of five years for certain enumerated crimes committed with a firearm. The Court held that possession of the weapon was not itself an element of the crime charged, and only comes into play at the sentencing stage. Thus, there is no due process violation in applying the less demanding "preponderance of the evidence" standard in ascertaining whether the accused possessed a firearm at the time of the crime. *See also Commonwealth v. Allen,* 508 Pa. 114, 494 A.2d 1067 (1985).

██ We find the same reasoning applicable here, especially since the provision in § 9721 is not as harsh as the § 9712 mandate considered in *Commonwealth v. Wright, supra.* Possession of a firearm is not an essential element of robbery, 18 P.C.S. § 3701, the crime of which appellant was convicted. Such weapon possession may thus be analyzed under the "preponderance of the evidence" test.

██ The victim testified that appellant possessed a firearm at the time of the incident. A police officer testified that the victim told him of this weapon shortly after the crime. Nothing was offered to negate this testimony. Appellant urges that the gun was never produced at trial; however, we agree with the trial judge that it would be absurd to require such proof in light of the ease with which a weapon can be discarded. Under the preponderance of the evidence standard, we are satisfied with the trial court's conclusion that appellant did possess a firearm. Thus, 42 P.C.S. § 9721 was properly invoked.

The judgment of sentence is affirmed.