48

523 A.2d 768

## COMMONWEALTH of Pennsylvania

### v.

### Norman BOND, Appellant (Two Cases).

Superior Court of Pennsylvania.

Argued Jan. 13, 1987.

Filed March 30, 1987.

Richard S. Packel, Media, for appellant.

Dennis C. McAndrews, Assistant District Attorney, Wayne, for Com., appellee.

Before CIRILLO, President Judge and ROWLEY and HOFFMAN, JJ.

HOFFMAN, Judge:

These are consolidated appeals from the judgments of sentence for robbery and related offenses. Appellant contends that the sentencing court erred in applying the mandatory sentencing provisions contained in 42 Pa.C.S.A. § 9712, because the Commonwealth failed to prove that appellant possessed a "firearm" as that term is defined in § 9712(e). For the reasons that follow, we affirm the judgments of sentence.

On August 20, 1984, appellant pled guilty to a total of nine charges on two criminal informations, which arose out of two separate incidents.[1] The Commonwealth later notified appellant and the lower court of its intention to pursue mandatory minimum sentences on each information, pursuant to 42 Pa.C.S.A. § 9712.[2] At the sentencing hearing, the

---

1. Information number 2132–84 charged appellant with two counts of robbery, and single counts of burglary, criminal conspiracy, and possession of a firearm without a license. Information number 2311–84 charged appellant with two counts of robbery and single counts of burglary and criminal conspiracy.

2. Section 9712 provides, in relevant part:

 (a) *Mandatory sentence.*—Any person who is convicted in any court of this Commonwealth of ... robbery ... shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement.

 *Id.* § 9712(a).

Commonwealth attempted to prove that appellant visibly possessed a firearm during each of the two incidents, thus mandating a minimum sentence of five years total confinement on each information. The lower court, finding that the Commonwealth met its burden under § 9712, imposed the following mandatory sentence. On Information number 2132–84, appellant was sentenced to three five-to-ten-year terms of imprisonment, and one one-to-two-year term of imprisonment, all terms to be served concurrently. On Information number 2311–84, appellant was sentenced to three five-to-ten-year terms of imprisonment, all terms to run concurrently. The court further specified that the sentences under Information number 2311–84 were to run consecutively to the sentences imposed under Information number 2132–84. The total period of confinement thus was ten-to-twenty years. Appellant's motion to modify was denied, and this appeal followed.

Appellant contends that the lower court erred in sentencing him pursuant to the mandatory minimum sentencing provisions contained in 42 Pa.C.S.A. § 9712, because the Commonwealth produced insufficient evidence to prove that the weapon he possessed in both incidents was a "firearm" as that term is defined in § 9712(e). Under § 9712 the sentencing court is required to impose a minimum sentence of five years of total confinement, if the court determines, by a preponderance of the evidence, that the defendant "visibly possessed a firearm" during the commission of, *inter alia*, a robbery. 42 Pa.C.S.A. § 9712(a), (b). Section 9712(e) defines a "firearm" as

> any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the expansion of gas therein.

*Id.*

Appellant does not deny that he possessed a weapon during these two incidents. The issue, instead, is what type of evidence the Commonwealth must produce to prove that the weapon possessed was a "firearm" for purposes of

§ 9712(e). Appellant argues that, to prove that a weapon "will or is designed to or may readily be converted to expel a projectile," the Commonwealth must introduce "objective proof" of operability and cannot rely on mere inferences. Brief for Appellant at 13. To objectively prove operability, appellant apparently would require the Commonwealth to introduce evidence that the weapon was fired, was recovered and examined, or that its operating mechanism was observed by a witness. Here, appellant emphasizes, "there is no evidence that the firearm in question was discharged nor was the firearm recovered [n]or its internal mechanism otherwise observed." *Id.* at 13, 17. Appellant thus concludes that, because the Commonwealth failed to introduce objective evidence that the gun was operable, it failed to prove by a preponderance of the evidence that appellant possessed a "firearm" under § 9712, and thus the lower court erred in applying the mandatory sentencing provision to him.

The parties have cited no cases, and our research revealed none, detailing the type and quality of evidence that the Commonwealth may introduce to prove that a weapon is a "firearm" under § 9712(e). In *Commonwealth v. Layton*, 452 Pa. 495, 307 A.2d 843 (1973), however, the Pennsylvania Supreme Court, in an analogous situation, observed that the Commonwealth need not introduce "direct evidence" to show that a weapon was operable, and thus was a "firearm" for purposes of the Uniform Firearms Act. 452 Pa. at 498, 307 A.2d at 844.

In *Layton*, the defendant was convicted under the following section of the Uniform Firearms Act:

No person who has been convicted in this Commonwealth or elsewhere of a crime of violence shall own a firearm, or have one in his possession or under his control.

18 Pa.C.S.A. § 6105.[3] The Court stated that, because the Uniform Firearms Act "was obviously intended to cover

3. *Layton* involved the old Uniform Firearms Act, the Act of June 24, 1939, P.L. 872, § 628, as amended 18 Pa.Stat. 4628. Under the

only objects [firearms] which could cause violence by firing a shot," the defendant could not be convicted under § 6105 unless the weapon he possessed was operable, i.e., was capable of firing. *Commonwealth v. Layton, supra.* Turning to the question of how the Commonwealth could prove operability, the Court then stated that "[a] reasonable factfinder may, of course, infer operability from an object which looks like, feels like, sounds like or is like, a firearm. *Such an inference would be reasonable without direct proof of operability."* *Id.* (emphasis added). *See also Commonwealth v. Yaple,* 238 Pa. Superior Ct. 336, 338, 357 A.2d 617, 618 (1976) (victim's testimony sufficient to prove that appellant possessed firearm; Commonwealth not required to introduce gun itself to prove possession). As noted by this Court in *Commonwealth v. Hammond,* 350 Pa.Superior Ct. 477, 504 A.2d 940 (1986), the rationale for allowing such inferences is the ease with which the *most* objective proof—the weapon itself—may be discarded. *Id.,* 350 Pa.Superior Ct. at 482, 504 A.2d at 942.

■ We see no reason why the reasoning in *Layton* and its progeny should not apply here. Indeed, the same exigency that justified the use of indirect proof of operability in cases involving possession of a firearm—the disposability of the weapon—also obtains in cases involving proof of possession for purposes of applying the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9712. We therefore adopt the reasoning employed in *Layton* and hold that, to find that a weapon is operable and hence a "firearm" under § 9712(e), the factfinder need not be presented with direct proof of operability—i.e., introduction of the weapon itself, evidence that it was fired, or evidence that a witness observed its operating mechanism—but can infer operability from circumstantial evidence.

Pennsylvania Consolidated Statutes, the Uniform Firearms Act is now codified at 18 Pa.C.S.A. §§ 6101–6120. The pertinent language of the Act, including what is now § 6105, is unchanged. To avoid confusion, this Opinion utilizes the current Pennsylvania Consolidated Statutes citations.

■ A review of the sentencing hearing convinces us that the Commonwealth introduced sufficient evidence under § 9712 to prove by a preponderance of the evidence that the weapon appellant possessed in both incidents was a "firearm." On Information number 2311–84, the Commonwealth presented the testimony of the two victims, Peter Rawlik and Helen Spears. Spears testified that appellant

came into my tavern, sat at the bar, had a glass of beer, pulled out a gun and put it on the bar, covered it with his hand and told the bartender to call me, which he did. When I came there, [appellant] pointed the gun at me and told me to get into the men's room, and if I didn't get in, I was dead.

N.T. June 24, 1985 at 6. Spears also testified that the gun "looked like the police officer's gun," that the barrel was silver, and that it was six or seven inches long. *Id.* at 7–8. Rawlik testified that he was present when appellant entered the bar, and that appellant pulled a gun and pointed it at his midsection. *Id.* at 9–11.

On Information number 2132–84, the Commonwealth also presented the testimony of the victims. Both Sam and Geraldine Nucho testified that appellant came to the back door of their home, pulled out a gun, put it into Geraldine Nucho's stomach, and ordered the couple to get back into their home. *Id.* at 18, 24–25. In addition, Sam Nucho described the gun as a ".45 automatic," *id.* at 19, which was similar to the one he was issued when he was in the military. *Id.* at 22. Nucho further testified

that the gun was a heavy object. It was a heavy metal gun. It was not a toy. It was not a plastic gun. It was a heavy gun, and he struck me on the head with it and it caused my head to bleed profusely, and I sat there.... He stayed there for one half hour and I looked at that gun for a half an hour.

*Id.* at 20.

Thus, in both cases, the Commonwealth presented the testimony of victims, who stated that the weapon appellant possessed either "looked like," "felt like," "sounded like,"

or "was like" a firearm. *See Commonwealth v. Layton, supra.* On these facts, we cannot conclude that the lower court erred in finding that appellant possessed an "operable" weapon, or firearm, and thus was subject to the mandatory sentencing provisions contained in § 9712.[4]

For the foregoing reasons, we affirm the judgments of sentence.

Affirmed.

---

**4.** Appellant also contends that the sentencing court (1) abused its discretion in imposing consecutive sentences rather than concurrent sentences; and (2) failed to state on the record adequate reasons for the sentence imposed. After carefully reviewing the record and the parties' briefs, we conclude that the lower court has correctly disposed of these contentions in its opinion.