## Commonwealth v. Weiss

*James Dalton, assistant district attorney,* for the commonwealth.

*John Fiorvanti,* for defendant.

KELTON, *J.,* December 28, 1988 — Following jury trial, defendant was found guilty of robbery as defined in 18 Pa.C.S. §3701(a)(1)(ii), a robbery in the course of committing a theft in which the victim is threatened with or intentionally put in fear of immediately serious bodily injury, a felony of the first degree.

The commonwealth has filed a motion to invoke the mandatory five-year minimum sentence provision of 42 Pa.C.S. §9712 alleging that defendant "visibly possessed a firearm during the commission of the offense."

We held a hearing on November 23, 1988 to consider any necessary additional evidence together with the evidence presented at trial. At that time, we incorporated by reference the entire trial transcript and also received three additional exhibits, D-1, D-2

and D-3, police reports of post-robbery interviews with the Bristol Motor Inn desk clerk, the victim of the robbery.

The sole issue before us on the mandatory sentence statute is whether or not the commonwealth has proven "by a preponderance of the evidence" that the weapon was in fact a "firearm" as that term is defined in 42 Pa.C.S. §9712(e). That subsection provides:

"(e) *Definition of firearm*—As used in this section 'firearm' means any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the expansion of gas therein."

We hold and find as a fact that the evidence presented has not tipped the scale in favor of the commonwealth. Therefore, we do *not* find that the implement held by defendant was a "firearm" as defined above.

The evidence was equivocal. At trial, the motel desk clerk testified that on the evening of November 28, 1987, while alone at her work station, she was confronted by defendant. After first securing change for the cigarette machine and going into the bar for the cigarettes, defendant then returned to the desk and inquired about rooms. He then went outside briefly and returned again to the desk.

The clerk stated that defendant then walked up to her and said: "Give me your money." She then testified as follows:

A: [A]nd I stood up, and I said to him, I said, "What did you say?" And he said, "Give me your money." And I said, "We don't have any money." And I tried to tell him, you know, we don't keep money at the front desk.

With that he turned around the third time, he says, "Give me your money, bitch, or I'll kill you."

Q. Can you describe where you were looking when he said those words?

A. Right at him, because he had a gun.

Q. All right. Now, about the gun — when did you first notice the gun?

A. When I stood up, like when he first asked me to give him the money, when I asked him what he said, that's when I stood up and I seen the gun.

Q. Where did you see it?

A. It was like, he would be standing in front of the counter, and he had it leaning on the counter pointed at me.

Q. Resting on the counter?

A. Yes.

Q. Do you recall which hand he held it in?

A. No, I don't remember.

Q. Now, you've —

Q. I was shaken.

Q. You've told us it was a gun?

A. Yes.

Q. Can you describe the appearance of it, the color, the size approximately?

A. No. He had something laying over it.

Q. How much of the gun could you see?

A. Just the barrel, the bore, the hole. That was all.

Q. You did look at the gun itself?

A. Oh, yes, definitely.

Q. What was your reaction?

A. Scared, frightened, petrified is more of the word.

On cross-examination, she testified that she saw only the "barrel of the gun," and that "it's possible" that she later told the police that she thought it was a toy.

At the pretrial suppression hearing, she testified that defendant had the gun resting on the counter edge and that "[h]e had something over it" and that "I could not see his hands. All I saw was the barrel of the gun. The gun had something laying over it. All I saw was the bore hole."

The desk clerk's statements to the police, as recorded by the officers were that she "[s]tated she refused to give up money since she believed gun was a toy"; "Victim relates that perp. was armed with a small dull black hand gun"; and "Actor armed with a dull black-colored gun (NFD), possibly a toy."

The gun itself was not introduced.

Clearly, under the above statute, the commonwealth bears the burden of proving by a preponderance of the evidence that the particular weapon "will or is designed to or may readily be converted to expel a projectile." But this burden may be met with either direct or circumstantial evidence. *Commonwealth v. Bond*, 362 Pa. Super. 48, 523 A.2d 768 (1987) (mandatory sentence imposed). However, where the weapon itself is not sufficiently described by any witness and has been described by the victim as a "toy," such evidence may in fact be insufficient proof of a firearm violation. Compare *Commonwealth v. West*, 334 Pa. Super. 287, 292, 482 A.2d 1339, 1342 (1984) (construing the Pennsylvania. Uniform Firearms Act which contains a different definition of "firearm").

Here we believe the evidence is not clear. On the one hand, the defendant's own statements that he might "kill" the victim were clearly *intended* to lead her to believe that the gun was operable. Also, her testimony as to her fright was found by us and the jury to be credible. However, the only evidence as to the nature of the gun itself was the victim's testimony that she saw only the barrel of the pistol. And

later the same night, she apparently told the police officer that it was "possibly a toy."

Our finding that the burden of proof was not met under 42 Pa.C.S. §9712, is not intended to limit our future discretion as to minimum or maximum sentences when and if defendant's post-trial motions are decided adversely to him.

Therefore, we determine that we will not apply the mandatory sentence provision of Pa.R.Crim.P. 359 B. We enter the following:

### ORDER

And now, December 28, 1988, for the reasons stated in the foregoing opinion, we hereby find that the provisions of 42 Pa.C.S. §9712 (relating to minimum sentence) are not applicable to this case. Sentence shall be imposed after defendant's post-trial motions have been disposed of.