### Commonwealth v. McCain

*John Minges, assistant district attorney,* for the Commonwealth.
*Lawrence Maggitti,* for defendant.

POSERINA, *J.,* October 4, 1991—

## FACTS

On October 30, 1990, shortly after midnight the defendant was in the men's room of the Blue Room Bar located at 23rd and Dickinson Streets in the city of Philadelphia.

The defendant entered the men's room and shortly thereafter another male entered the bar with a gun in his hand. He had a ski mask over his face. He said "this is a stick up."

Jeanette Moody was the bar maid. As she stood there watching she saw the defendant come out of the men's room and walk behind the bar. The defendant took money from the cash register and he said "give up the money or I'll blow your head off."

Both persons left the bar. The police were called and upon investigation it was discovered that $312 had been taken from the cash register.

Approximately two days later about 4:30 p.m. the defendant was sitting at the bar. The manager of the bar called Jeanette Moody over to the area and asked "is this the guy?" The bar maid responded "yes." The manager then locked the door and called the police whereupon the defendant was arrested. The bar maid

further corroborated her identification by stating that she had seen the defendant on several occasions in the bar in the past.

On May 17, 1991, after a waiver trial the judge found defendant guilty of conspiracy (F1), robbery (F1) 3701(a)(1)(ii) and not guilty of P.I.C.

On June 10, 1991, post verdict motions were argued wherein defendant raised the issue as to whether or not 42 Pa.C.S. §9712 states that a mandatory sentence was applicable under these circumstances. It was conceded that the person on trial did not visibly possess the gun. The act of accomplice liability under these circumstances was argued.

On July 5, 1991, the defendant was sentenced under the mandatory provision; robbery five to ten years imprisonment and conspiracy no further assessment of penalty.

In addition the defendant requested a new trial based on after discovered evidence because a photograph taken of the defendant at the time of his arrest on October 31, 1990, showed the defendant wearing a heavy gray and black sweater when arrested, not a hooded sweatshirt. At the trial, the bar maid, Jeanette Moody, had testified that defendant was wearing the same blue hooded sweatshirt on the early morning hours of October 30, 1990, as he was wearing on the date of his arrest. The motion was in the nature of after discovered evidence.

All post verdict motions were denied.

## ARGUMENT

### I. *After Discovered Evidence—Photo*

The defendant has alleged that the discovery of the arrest photo of him wearing a heavy gray and black

sweater did not occur until after the trial had been concluded. Defendant further alleges that if he had been aware of the existence of the photograph he may have chosen to testify in his own defense. Defendant alleges he did not realize the possible relevance of the photo until after the testimony of the Commonwealth witness.

The rule concerning after discovered evidence has been enunciated since 1971 in the case of *Commonwealth v. Mosteller,* 446 Pa. 83, 284 A.2d 786 (1971).

"This court has often reiterated that: 'a new trial in a criminal case will be awarded on the ground of after-discovered evidence where the evidence in question (1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeaching credibility of a witness and (4) is of such nature and character that a different verdict will likely result if a new trial is granted.'" *Id.* at 88, 284 A.2d at 788.

Under the aforesaid text the trial court concluded that the after discovered evidence could have been obtained prior to the conclusion of the trial by exercise of reasonable diligence. Furthermore, the sole function of the use of the photograph would be an attempt to impeach the credibility of a witness. On both grounds therefore the after discovered evidence should not permit a trial court to award a new trial under these circumstances.

II. *Mandatory Sentence*

The second argument advanced by defendant was that a mandatory sentencing provision under 42 Pa.C.S. §9712 should not have been applied in this case because it was not shown that either the defendant or his alleged

co-conspirator possessed a firearm as defined by the statute. There was no direct evidence concerning whether or not the gun allegedly carried by the co-conspirator was in fact "a weapon."

In *Commonwealth v. Williams,* 353 Pa. Super. 312, 500 A.2d 1292 (1986), the court specifically held that an unarmed accomplice to a crime mandating the imposition of a sentence under the Mandatory Minimum Sentencing Act, shall be sentenced in accordance thereof if it is shown by the proof that the unarmed accomplice had knowledge that the firearm was visibly possessed by his co-felon in the commission of the crime. The fact of possession therefore is in accordance with both *Commonwealth v. Williams* and *Commonwealth v. Grimmitt,* 354 Pa. Super. 463, 512 A.2d 43 (1986).

The more interesting aspect to this argument however is whether or not the Commonwealth has shown that under the mandatory act the gun was indeed a "firearm" within the meaning of the statute that mandates a minimum sentence.

In the case of *Commonwealth v. Norman Bond,* 362 Pa. Super. 48, 523 A.2d 768 (1987), the court was confronted with the exact same problem. Up to that point the court found no precedent for the decision on this issue. The Superior Court however used analogies from other Pennsylvania Supreme Court cases that let it to reason as follows:

"[T]he Commonwealth need not introduce 'direct evidence' to show that a weapon was operable, and thus was a 'firearm' for purposes of the Uniform Firearms Act. *Commonwealth v. Layton,* 452 Pa. at 498, 307 A.2d at 844....

"[T]he court then stated that '[a] reasonable fact finder may, of course, infer operability from an object which looks like, feels like, sounds like or is like a firearm.

*Such an inference would be reasonable without direct proof of operability." Id.* at 51, 52, 523 A.2d at 770. (emphasis in original)

The trial court adopted the reasoning enunciated by the Superior Court in *Commonwealth v. Bond, supra* and held that the fact finder was not required to be presented with direct proof of operability or introduction of the weapon itself. The fact finder was permitted and did in fact infer from the circumstantial evidence that the possession of a pistol with statements by a masked man, in the midst of a robbery, that "this is a hold up" was sufficient to infer, that in fact the gun in his hand was a weapon within the meaning of the mandatory minimum sentence provision.

## CONCLUSION

For all of the above reasons motions for a new trial and/or an arrest of judgment were properly denied by the trial court.