J-S18036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MARK A.A. CLIETT | |
| Appellant | No. 187 EDA 2016 |

Appeal from the Judgment of Sentence November 6, 2012
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0013972-2011

BEFORE: PANELLA, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MAY 26, 2017**

Appellant, Mark A.A. Cliett, appeals from the judgment of sentence of eight to twenty years' imprisonment entered in the Philadelphia County Court of Common Pleas following his conviction for, *inter alia*, aggravated assault.[1] Appellant challenges the discretionary aspects of the sentence and the sufficiency of the evidence. We affirm.

The trial court summarized the evidence presented at trial as follows:

> At approximately 2:00 a.m. on September 28, 2011, Appellant entered Walter Green's home at 708 N. Preston Street in Philadelphia. Present in the residence at the time were Walter Green, Jazar Triple, a female named Alexis, and a male named Mike. The complainant, Jazar Triple, testified at trial that Appellant appeared to be somewhat intoxicated when he entered the residence and ignored Mr. Green's requests to leave. According to Mr. Triple, Mike

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(1).

and Alexis were able to exit the residence, but Appellant, who is approximately 6'5" and 280 pounds, blocked him from leaving. Appellant and Mr. Triple exchanged some words as Appellant repeatedly poked Mr. Triple in the chest. Appellant then punched Mr. Triple in the head with a closed fist and Mr. Triple, 5'4" and 135 pounds, stumbled into the living room and lost consciousness. When Mr. Triple finally regained consciousness he was in the hospital on a respirator and unable to walk. Mr. Triple spent several weeks in the hospital followed by several weeks in a rehabilitation facility where he had to learn to walk again.

Walter Green testified at trial that on that date and time, while he was upstairs in his home, he heard Mr. Triple call out to him. When Green came down and entered the dining room he observed Appellant and asked him to leave. Instead of leaving, Appellant started attacking Mr. Triple after he tried to back away from Appellant and tripped over some bicycle rims on the floor. Appellant got on top of the victim and repeatedly punched him in the head. Green stated that Mr. Triple appeared to lose consciousness after the third punch. He then observed Appellant pick Mr. Triple up by the shirt collar and was still punching him when Green left the residence to call police.

Philadelphia Police Officer Danny Mammola testified at trial that he arrived on the scene at approximately 2:20 a.m. and observed Mr. Triple lying in a pool of blood on the living room floor. Mr. Triple was nonresponsive, his eye was completely swollen shut, and his face was swollen. Officer Mammola also observed a metal pipe covered with blood next to the victim and blood around a large hole in the wall with crumbled sheetrock. The metal pipe weighed 4.1 pounds. Mr. Triple was then transported to HUP hospital by medics.

Trial Ct. Op., 9/8/16, at 2-3 (record citations omitted).

Appellant was charged with aggravated assault, burglary, theft, and related offenses. On June 5, 2012, Appellant proceeded to a non-jury trial.

The trial court heard testimony on June 5 and 15, 2012, and found Appellant guilty of aggravated assault, as well as simple assault, recklessly endangering another person, criminal mischief, and theft.[2]

On November 6, 2012, the trial court accepted Appellant's guilty pleas in two unrelated cases—a burglary committed on October 7, 2011, and a robbery committed on October 15, 2011. The court immediately proceeded to a sentencing hearing in the two unrelated cases and the instant matter.

With respect to the present case, the Commonwealth called Dr. Gary Collins as "an expert in "forensic pathology and the examination and interpretation of wounds." N.T., 11/6/12, at 17. Dr. Collins opined that the complainant's injuries were consistent with the use of a "hard blunt object" and not punching alone. *Id.* at 21-22. The doctor suggested that the use of a fist would likely would not cause the fractures as well as the brain injuries suffered by the complainant without causing significant injury to the attacker's hand. *Id.* at 22. During direct examination, the Commonwealth presented Dr. Collins with the pipe recovered near the complainant, and the doctor asserted that it "could have been an object used to inflict these injuries." *Id.* at 21. On cross-examination, however, Appellee's counsel asked Dr. Collins, "Now, so we don't really know whether a pipe was used on this man or not[?]" *Id.* at 25. Dr. Collins responded, "Correct, all I know is

---

[2] Appellant did not testify and presented no evidence on his own behalf. The trial court acquitted Appellant of burglary and criminal trespass.

it's a hard object. And if you give a pipe as an example, that's an example." *Id.* at 25.

The trial court determined that Appellant used the pipe and applied the deadly weapon enhancement ("DWE") of the Sentencing Guidelines. ***See*** 204 Pa. Code § 303.10(a)(2). The court thereafter sentenced Appellant to eight to twenty years' imprisonment for aggravated assault. The minimum portion of the sentence fell within the enhanced standard range of 90 to 108 months under the DWE.[3]

Appellant did not timely file a post sentence motion or direct appeal, but on March 19, 2013, filed a *pro se* Post Conviction Relief Act[4] ("PCRA") petition. The PCRA court appointed counsel, who filed an amended petition seeking reinstatement of Appellant's right to file a post-sentence motion. On July 23, 2015, the PCRA court granted Appellant leave to file a post-sentence motion *nunc pro tunc*. Appellant filed a post-sentence motion on

---

[3] No further penalty was imposed on the remaining charges in this case. The court also sentenced Appellant to two to five years' imprisonment for the unrelated burglary and three and a half to ten years' imprisonment for the unrelated robbery. The resulting aggregate sentence in all three cases was thirteen and a half to thirty five years' imprisonment.

The Sentencing Guidelines suggested a standard range minimum sentence of seventy-two to ninety months' imprisonment, plus or minus twelve months for aggravating or mitigating factors, without the DWE. ***See*** 204 Pa. Code. § 303.16(a). Accordingly, the eight-year (96-month) minimum sentence in this case would have fallen within the aggravated range of the unenhanced standard range sentence.

[4] 42 Pa.C.S. §§ 9541-9546.

July 31, 2015, and the motion was denied by operation of law on December 4, 2015.

Appellant took this appeal on January 6, 2016. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following questions for review:

> I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING . . . APPELLANT TO A HARSH AND EXCESSIVE SENTENCE?
>
> II. WHETHER THE VERDICT WAS CONTRARY TO LAW?

Appellant's Brief at 7.

Appellant first challenges the discretionary aspects of the sentence for aggravated assault. He contends:

> It would appear that **Alleyne v.** [**United States**], 133 S.Ct. 2151 (2013) does not apply to a deadly weapon enhancement. However, the principle expanded in **Alleyne**, that all facts that increase a mandatory minimum sentence must be submitted to and found true by a jury, should be considered in this case.

Appellant's Brief at 13-14. Appellant thus suggests that the facts triggering the DWE must be proven beyond a reasonable doubt and "the court considered the [DWE] without sufficient evidence of a weapon." **Id.** at 17-18. Additionally, Appellant avers that the sentence was manifestly excessive because it "was in the aggravated range" and the trial court "did not give sufficient consideration to Appellant's background, drinking problem, and mental health issues. **Id.** at 14. No relief is due.

It is well settled that:

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
>> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (some citations and punctuation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citation and quotation marks omitted). Appellant, as a preliminary matter, has preserved his challenges to the application of the DWE and the failure to consider mitigating factors in his post-sentence motion *nunc pro tunc*, this appeal *nunc pro tunc*, and in his Pa.R.A.P. 2119(f) statement.

Appellant's challenges to the trial court's application of the DWE raise substantial questions, and we proceed to consider the merits of Appellant's arguments. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266,

1270 n.10 (Pa. Super. 2014) (*en banc*). Section 303.10(a)(2) of the Sentencing Guidelines provides:

> When the court determines that the offender used a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Used Matrix (§ 303.17(b)). An offender has used a deadly weapon if any of the following were employed by the offender in a way that threatened or injured another individual:
>
> > (i) Any firearm, (as defined in 42 Pa.C.S. § 9712) whether loaded or unloaded, or
> >
> > (ii) Any dangerous weapon (as defined in 18 Pa.C.S. § 913), or
> >
> > (iii) Any device, implement, or instrumentality capable of producing death or serious bodily injury.

204 Pa. Code § 303.10(a)(2)(i)-(iii).

This Court has concluded that the findings necessary to trigger the application of the Sentencing Guideline enhancement require proof by a preponderance of the evidence. *See Commonwealth v. Hammond*, 504 A.2d 940, 942 (Pa. Super. 1986). Moreover, in *Buterbaugh*, this Court concluded that *Alleyne* was **not** implicated in a challenge to the application of the DWE, noting:

> *Alleyne* . . . dealt with factors that either increased the mandatory minimum sentence . . . . Our case does not involve [such a] situation; instead, we are dealing with a sentencing enhancement. If the enhancement applies, the sentencing court is required to raise the standard guideline range; however, the court retains the discretion to sentence outside the guideline range.

*Buterbaugh*, 91 A.3d at 1270 n.10.

In light of the foregoing, we are constrained to conclude that Appellant's legal argument that **Alleyne** requires a finding by a jury and/or proof beyond a reasonable doubt before applying the DWE warrants no relief. **See id.**; **Hammond**, 504 A.2d at 942. Moreover, the trial court considered evidence that (1) the pipe was recovered near the complainant, (2) the pipe weighed approximately four pounds, (3) the pipe had a blood stain on one of its ends, (4) the severity of the complainant's injuries was consistent with the use of a hard blunt object, and (5) the use of a fist alone would not likely have caused the complainant's injuries without significantly injuring Appellant's hand. Thus, we discern no error or abuse of discretion in the trial court's determination that a preponderance of the evidence showed that Appellant used the pipe to injure the complainant. **See Hammond**, 504 A.2d at 942. Accordingly, we affirm the trial court's application of the DWE under the circumstances of this case.

Appellant's further challenge to the trial court's weighing of the mitigating circumstances presented at sentencing does not raise a substantial question. **See Evans**, 901 A.2d at 533.

> [A] sentencing court generally has discretion to impose multiple sentences concurrently or consecutively, and a challenge to the exercise of that discretion does not ordinarily raise a substantial question.
>
> We are mindful, however, that "the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in

the case." An appellant making an excessiveness claim raises a substantial question when he "sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process."

***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citations omitted).

Instantly, the trial court sentenced Appellant within the enhanced standard range under the DWE and imposed no further penalty on the remaining offenses in this case. Although the court's sentence was consecutive to two unrelated cases, those two cases involved offenses that Appellant committed after the present offense. Under these circumstances, Appellant's claims—*i.e.*, that the trial court improperly weighed mitigating factors when imposing the instant sentence of eight-to-twenty-years' imprisonment for aggravated assault, or ordering the sentence to run consecutive to the two unrelated cases—do not raise a substantial question warranting further review.[5] ***See id.***

_____

[5] In any event, we discern no abuse of discretion by the trial court. The trial court considered the gravity of the offense, found Appellant's lack of rehabilitative potential based on his "lack of human compassion . . . and indifference to the value of life," and weighed the impact on the victim and the community. ***See*** 42 Pa.C.S. § 9721(b); N.T. at 50-51. Therefore, we discern no basis upon which to conclude that the court's sentence was "clearly unreasonable." ***See*** 42 Pa.C.S. § 9781(c)(2).

Lastly, Appellant claims that the evidence was insufficient to sustain his conviction. He argues that the Commonwealth failed to prove he intended to cause serious bodily injury. No relief is due.

The following precepts govern our review:

> In reviewing a claim regarding the sufficiency of the evidence, an appellate court must determine whether the evidence was sufficient to allow the fact finder to find every element of the crimes charged beyond a reasonable doubt. In doing so, a reviewing court views all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. Furthermore, in applying this standard, the Commonwealth may sustain its burden of proof by means of wholly circumstantial evidence. When performing its review, an appellate court should evaluate the entire record and all evidence received is to be considered, whether or not the trial court's rulings thereon were correct. Additionally, we note that the trier of fact, while passing on the credibility of witnesses and the weight of the evidence, is free to believe all, part, or none of the evidence.

> [Section 2702(a)(1) of the Crimes Codes] provides, "A person is guilty of aggravated assault if he . . . attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." Serious bodily injury is defined as, "Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

***Commonwealth v. Burton***, 2 A.3d 598, 601 (Pa. Super. 2010) (*en banc*) (citations omitted).

Instantly, the trial court noted:

the evidence showed that Appellant, an extremely large and physically powerful man, repeatedly punched the much smaller victim, struck him in the head with a four pound metal pipe and threw him into the wall. It was reasonable for the court to infer from these repeated and sustained assaults on a vulnerable victim that Appellant intended to cause serious bodily injury. The evidence in this case was more than sufficient to prove Appellant's intent to cause serious bodily injury beyond a reasonable doubt.

Trial Ct. Op. at 5. We discern no basis to disturb the trial court's analysis and add that a witness in this case testified about Appellant's assault of the complainant. That testimony established Appellant struck the complainant several times, and the complainant fell to the floor. Although the complainant was unconscious, Appellant continued to attack, lifting the complainant up by his shirt and punching him several more times before the witness left the house to call the police as the assault was ongoing. The complainant was 5'4" and 135 pounds, and Appellant was 6'5" and weighed well over two hundred pounds. Thus, even if the Commonwealth did not establish the use of a deadly weapon at trial, there was ample evidence to prove his intent to cause serious bodily injury based on Appellant's use of his fists. *See Burton*, 2 A.3d 598, 601-05 (discussing sufficiency of evidence for aggravated assault based on a single punch).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2017