THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ROBERT J. WOODS and JOHN T. AMADER, Defendants.

City Magistrate's Court of New York, Borough of Queens, Felony Court, August 14, 1952.

*T. Vincent Quinn, District Attorney (William Kerwick* of counsel), for plaintiff.

*David Bornstein* for defendants.

Shapiro, M. The defendants are charged with a violation of subdivision 1-a of section 1897 of the Penal Law, in that while acting in concert with each other they did have in their possession a firearm commonly known as a " machine gun."

The proof disclosed that the " machine gun " was brought from Germany as a souvenir, was possessed originally by the defendant Amader and was by him delivered to the defendant Woods.

It was found by the police hanging from a ceiling beam in the unlocked cellar of the home of the defendant Woods to which place they had been directed by the defendant Amader.

Subdivision 1-a of section 1897, *supra,* dispenses with the common-law requirement of personal or physical possession of a machine gun by a defendant since it provides that, " The presence of such machine-gun in any room, dwelling, structure or vehicle shall be presumptive evidence of its illegal possession by all the persons occupying the place where such machine-gun is found."

The presumption thus created, like the presumption created by the finding of a revolver, etc., in an automobile, other than a public omnibus (Penal Law, § 1898-a) has been held to be within the power of the Legislature and not violative of a defendant's constitutional rights (*People* v. *Terra,* 303 N. Y. 332; *People* v. *Russo,* 278 App. Div. 98, affd. 303 N. Y. 673; *People* v. *Murphy,* 276 N. Y. 612) where " there is a rational connection with the facts proved and the conclusion presumed, and where the presumptions themselves are neither conclusive nor arbitrary " (*People* v. *Russo, supra,* p. 102).

If that were all there were to this case, the court would hold, at least as to the defendant Woods, that the People had made a sufficient showing to hold that defendant for the action of the Grand Jury.

The proof, however, discloses that the " machine gun " was minus two vital component parts, to wit, a saddle piece and a saddle type drum. The absence of the saddle piece, according to the proof, makes it impossible for the saddle type drum to be affixed and the absence of the latter makes it impossible to fire more than *one* shot at a time from said " machine gun."

It was conceded by the District Attorney that no saddle piece or saddle type drum was found in the possession of either defendant and in fact the proof would seem to establish that the " machine gun " was brought to this country in its present condition.

Thus, the instrument, by reason of its condition, could only be loaded with one bullet at a time and had to be separately loaded for each successive shot.

At the end of the People's case, the defendants contended that the instrument in question was not a machine gun as that term is defined in subdivision 1-a of section 1897 of the Penal Law.

So far as material on that point the section tells us that " A machine gun is a weapon of any description * * * from which a number of shots may be rapidly or automatically discharged from a magazine with *one* continuous pull of the trigger ". (Emphasis ours.)

The District Attorney, with commendable candor, expressed his doubt that the instrument in question is a machine gun and with equal candor conceded that if it is not, he has no case against either defendant.

It would seem clear from the evidence that the instrument before the court is not a machine gun as that term is defined in the statute because " a number of shots or bullets " cannot be " rapidly or automatically discharged " therefrom " with one continuous pull of the trigger ". It can fire only one shot at a time and is therefore in reality nothing but a rifle.

The court is therefore compelled to hold, as a matter of law — albeit reluctantly — that the instrument in question is not a machine gun within the meaning and requirements of subdivision 1-a of section 1897 of the Penal Law. The complaint is dismissed, both defendants are discharged and their bail is exonerated.