## Commonwealth v. Burch

*Gail Fairman*, assistant district attorney, for the Commonwealth.
*Stuart Wilder*, for defendant.

KELTON, *J.*, January 10, 1985—Following a non-jury trial defendant was found guilty of violating 18 Pa.C.S. §§6105 and 6106(a). Those sections provide:

"§6105. Former convict not to own a firearm, etc. No person who has been convicted in this Commonwealth or elsewhere of a crime of violence shall own a firearm, or have one in his possession or under his control.

"§6106. Firearms not to be carried without a license. (a.) Offense defined. No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefore as provided in this subchapter."

A "firearm" is defined under §6102 as "[a]ny pistol or revolver with a barrel less than 12 inches, any shotgun with a barrel less than 24 inches or any rifle with a barrel less than 15 inches."

At trial defendant stipulated that he had previously been convicted of a crime of violence and that when arrested on February 5, 1984 he was in possession of the item that the Commonwealth alleged to be a firearm.

Defendant argues that the revolver in question was not operable and that he could not be convicted under the statutes. He relies on the report of George E. Fassnacht from the Keystone State Arms Consultants and Commonwealth v. Layton, 452 Pa. 495, 499, 307 A.2d 843 (1973).

However, his reliance on the Fassnacht report is misplaced. That report states as follows:

"Examination of subject revolver shows that it cannot be fired in the single action mode as the hammer will not remain cocked. The revolver may be fired double action. In the double action mode, the revolver cylinder does not always index correctly. Retracting the hammer will not always cause the cylinder to rotate and engage the trigger. This action will sometimes jam. Manipulating the trigger and hammer will sometimes cause the trigger to lock up and jam. When this happens, it may sometimes be released by considerable pressure on the trigger. On other occasions, it will jam in such a manner that no reasonable pressure applied to the trigger will cause the gun to fire."

It is our opinion that, contrary to defendant's claim, the Fassnacht report indicates that the gun is operable and thus the evidence was sufficient to convict under Commonwealth v. Layton, supra. As stated in Layton: "An operable firearm may be said to be under control of the alleged actor even though it is a malfunctioning assembled firearm or a disassembled firearm, if the alleged actor has under his control the means to convert the inoperable firearm into an operable firearm."

All parties in the Layton case had stipulated that defendant's weapon was totally inoperable and thus the evidence was held to be insufficient to sustain a conviction. Here, however, the weapon "may be fired" and although it will "sometimes jam," it will

fire on some occasions but not on others. The mischief to be remedied by the statute, violence to others, is present with this weapon.

We hold that the evidence was sufficient to support defendant's convictions under both sections.

## ORDER

And now, this January 10, 1985, defendant's post trial motions are denied and dismissed and he is directed to appear for sentence on January 28, 1985 at 9:30 a.m. in courtroom number four.