J-S74021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES R. MOORE A/K/A WILLIAM MOORE | |
| Appellant | No. 2795 EDA 2015 |

Appeal from the Order Entered July 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009849-2008

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 16, 2016**

James R. Moore, a/k/a William Moore, appeals, *pro se*, from the order entered July 17, 2015,[1] in the Philadelphia County Court of Common Pleas, dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Moore seeks relief from the judgment of sentence of an aggregate term of seven and one-half to 15 years' imprisonment imposed on March 16, 2010, following his jury conviction of persons not to possess firearms and possessing an instrument of crime

_____

[*] Former Justice specially assigned to the Superior Court.

[1] We note Moore purported to appeal from an order of the PCRA court entered on September 2, 2015.  **See** Notice of Appeal, 9/3/2015.  Our review of the docket reveals no order was entered by the court on that date. Rather, Moore is challenging the order entered July 17, 2015, dismissing his PCRA petition.

("PIC").[2]  On appeal, Moore contends the PCRA court erred in (1) declining to find his firearms sentence unconstitutional under ***Alleyne v. United States***, 133 S.Ct. 2151 (U.S. 2013), and (2) rejecting his argument that his firearms conviction constitutes an *ex post facto* application of the law.  For the reasons below, we affirm.

The relevant facts and procedural history underlying Moore's PCRA petition were summarized by the Pennsylvania Supreme Court on direct appeal as follows:

> On April 13, 2008, at approximately 2:30 a.m., [Moore] became involved in an altercation with Gerald Stewart at a neighborhood "speakeasy" located at 5915 West Girard Avenue in Philadelphia.  Shortly thereafter, a gunfight erupted between [Moore] and various other patrons, during which [Moore], Stewart, and Vincent Dennis were shot, and Reginald Mailey was killed.
>
> [Moore] was arrested in connection with the incident and charged with murder, attempted murder, aggravated assault, simple assault, reckless endangerment, three violations of the Uniform Firearms Act ("VUFA"), and PIC.  The aggravated assault, simple assault, and reckless endangerment charges, as well as two of the VUFA charges, were ultimately *nolle prossed,* and, on January 11, 2010, the case proceeded to a jury trial on the murder, attempted murder, and PIC charges, as well as [Moore's] remaining VUFA charge of persons not to possess firearms.  The trial was bifurcated, with the jury hearing evidence related to the VUFA charge after it issued its verdict on the other charges.
>
> During the first portion of [Moore's] trial, the Commonwealth presented evidence supporting its theory that

_____

[2] ***See*** 18 Pa.C.S. §§ 6105 and 907, respectively.

[Moore] initiated the shooting. Specifically, the Commonwealth's evidence indicated that, after his initial argument with Stewart, [Moore] left the speakeasy, retrieved a handgun from his car, and returned to the establishment, where he began firing and shot Stewart, Dennis, and Mailey. According to the Commonwealth, after [Moore] began shooting, Stewart discovered a gun on the floor and returned fire, shooting [Moore] in the left thigh and right knee. The Commonwealth claimed that [Moore] subsequently left the speakeasy while still possessing his gun, drove away, and, minutes later, was stopped by police, who recovered the gun from the front passenger seat of his car. [Moore], by contrast, testified at trial that he retrieved the gun from inside the speakeasy after the fight began, and that he returned fire in self-defense.

The jury acquitted [Moore] of the murder and attempted murder charges, but convicted him of PIC. In the second phase of the trial, after hearing evidence pertaining to [Moore's] VUFA charge, the jury convicted [Moore] of persons not to possess a firearm. He received consecutive sentences of 2½ to 5 years incarceration for his PIC conviction and 5 to 10 years imprisonment for his persons not to possess firearms conviction. [Moore] filed a post-sentence motion for reconsideration of sentence, which was denied by operation of law, and he appealed his judgment of sentence to the Superior Court, asserting the evidence was insufficient to sustain his PIC and persons not to possess firearms convictions because of the jury's acquittal on the charges of murder and attempted murder.

In a unanimous published opinion, the Superior Court affirmed [Moore's] VUFA conviction, but reversed his PIC conviction and remanded for re-sentencing, concluding that, "since the jury acquitted [Moore] of committing any crime with the firearm that he possessed, his conviction for PIC is infirm." [**Commonwealth v.**] **Moore**, 49 A.3d [896,] 898 [(Pa. Super. 2012)].

**Commonwealth v. Moore**, 103 A.3d 1240, 1241–1243 (Pa. 2014)

(footnotes omitted).

- 3 -

The Pennsylvania Supreme Court granted *allocatur* review, and, on October 30, 2014, reversed the decision of the Superior Court. ***See id.*** The Court held:

> [A]lthough [Moore's] murder and attempted murder acquittals may be logically inconsistent with [his] PIC conviction, in light of our enduring acceptance of inconsistent verdicts in Pennsylvania, we conclude that the acquittals are not grounds for reversal of [Moore's] PIC conviction, and, thus, we find the Superior Court erred in holding otherwise.

***Id.*** at 1250.

While his appeal was still pending before the Supreme Court, Moore filed a *pro se* PCRA petition on August 5, 2014, in which he claimed he was not prohibited from possessing a firearm under 18 Pa.C.S. § 6105. Specifically, he asserted the court used a 1978 burglary conviction as his triggering conviction, when, in fact, that burglary charge was "overturn[ed] to a theft," which is not a triggering offense under Section 6105.[3] Motion for Post Conviction Relief, 8/5/2014, at 3. Over the ensuing five months, Moore filed several *pro se* documents supplementing his petition. ***See*** Docket Entry, dated 8/19/2014, 11/20/2014, 12/16/2014, and 1/5/2015. Counsel was appointed, and on March 19, 2015, filed a motion to withdraw and

---

[3] Section 6105 prohibits persons convicted of certain enumerated offenses from possessing a firearm. ***See*** 18 Pa.C.S. § 6105(a). Subsection (b) of the statute lists the triggering offenses, and does not include the crime of theft. ***See*** 18 Pa.C.S. § 6105(b).

***Turner*/*Finley***[4] "no merit" letter. Sometime thereafter, the trial court issued notice of its intent to dismiss Moore's PCRA petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907.[5] On June 9, 2015, Moore filed a response to the Rule 907 notice claiming, for the first time, (1) he was sentenced to an unconstitutional mandatory minimum sentence under ***Alleyne***, and (2) his firearms conviction constituted an *ex post facto* application of the law. ***See*** Petitioner's Response to the Court's Pa.R.Crim.P. 907 Notice, 6/9/2015, at 2-5. On July 17, 2015, the PCRA court entered an order dismissing Moore's petition, and granting counsel permission to withdraw. This appeal followed.[6]

Before we may address the substantive issues in Moore's brief, we must first consider the Commonwealth's request that we quash this appeal as untimely filed. ***See*** Commonwealth's Brief at 9-10. In the present case, the order denying Moore's PCRA petition was filed on July 17, 2015. Moore

---

[4] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] Although the certified record does not contain a copy of the court's Rule 907 notice, a May 15, 2015, docket listing indicates "907 Notice to be sent" and, as noted *infra*, Moore filed a response to the court's Rule 907 notice. ***See*** Docket Entry, 5/15/2015; Petitioner's Response to the Court's Pa.R.Crim.P. 907 Notice, 6/9/2015.

[6] On November 19, 2015, the PCRA court directed Moore to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Moore complied with the court's order, and filed a concise statement on December 9, 2015.

did not file a notice of appeal until September 3, 2015. Therefore, the appeal is facially untimely. **See** Pa.R.A.P. 903 (notice of appeal must be filed within 30 days after entry of order on appeal).

Nonetheless, Pennsylvania Rule of Appellate Procedure 108 provides the date of the entry of an appealable order "shall be the day the clerk of the court … mails or delivers copies of the order to the parties." Pa.R.A.P. 108(a)(1). Here, neither the order itself nor the docket entry for July 17, 2015, reflects the date the order denying Moore's PCRA petition was sent to him. **See** Pa.R.Crim.P. 114(B)(1) (requiring copies of order be "promptly" served on "each party's attorney, or the party if unrepresented"); (C)(2) (requiring clerk of court to enter on the docket the date of service of an order). Accordingly, we decline to quash Moore's appeal.

In his first issue, Moore asserts his five to 10-year sentence, imposed on his conviction of persons not to possess firearms, is illegal.[7] **See** Moore's Brief at 10. Specifically, he claims the court imposed a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712,[8] without submitting the

---

[7] We note that while Moore did not include this issue in his PCRA petition, this Court has held that an **Alleyne** challenge is a non-waivable challenge to the legality of a sentence. **See Newman**, **supra**, 99 A.3d at 90. **But see Commonwealth v. Barnes**, 122 A.3d 1034 (Pa. 2015) (granting petition for allowance of appeal to consider, *inter alia*, whether an **Alleyne** claim raises a challenge to the legality of sentencing).

[8] Section 9712 provides for a five-year mandatory minimum sentence when, *inter alia*, a defendant visibly possesses a firearm while committing an

*(Footnote Continued Next Page)*

facts triggering the mandatory minimum to the jury, a procedure that has been declared illegal under **Alleyne**.[9] **See** Moore's Brief at 10-11.

The glaring problem with Moore's argument is that the trial court did not impose a mandatory minimum sentence on Moore's firearms conviction. A review of the sentencing transcript reveals Moore's prior record score was that of a repeat felony offender ("REFEL") and the offense gravity score for the firearms charge was a 10. **See** N.T., 3/12/2010, at 5. The court commented that, as a result of "[Moore's] prior record score actually the maximum would be above the statutory mandatory[.]" **Id.** Therefore, the court imposed a statutory maximum sentence of five to 10 years imprisonment on Moore's firearms conviction. **See id.** at 25. Because the

_(Footnote Continued)_ _____

enumerated crime of violence. **See** 42 Pa.C.S. § 9712(a). **See also** 42 Pa.C.S. § 9714(g) (defining "crime of violence").

[9] In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, **supra**, 133 S.Ct. at 2155. In interpreting that decision, the courts of this Commonwealth have determined that most of our mandatory minimum sentencing statutes, are unconstitutional because the language of those statutes "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. 2014) (_en banc_) (invalidating 42 Pa.C.S. § 9712.1), _appeal denied_, 121 A.3d 496 (Pa. 2015). Further, our courts have held that the unconstitutional provisions of the mandatory minimum statutes are not severable from the statute as a whole. **Commonwealth v. Hopkins**, 117 A.3d 247, 262 (Pa. 2015); **Newman**, **supra**, 99 A.3d at 101.

court did not impose a Section 9712 mandatory minimum sentence, Moore is entitled to no relief on his first claim.

Next, Moore argues his conviction of persons not to possess firearms constitutes an *ex post facto* application of the law. **See** Moore's Brief at 12. Specifically, he asserts the triggering conviction, which made him ineligible to possess a firearm under Section 6105, occurred in 1972, prior to the effective date of Section 6105.[10] **See id.** at 12. **See also** 1972, Dec. 6, P.L. 1482, No. 334, § 1, effective June 6, 1973. Moore states: "To apply [Section] 6105 for a conviction that occurred prior to its effective date would have a classic EX-Post-Facto effect [as] it would aggravate the 1972 crime, or make it greater than it was when committed." Moore's Brief at 12 (capitalization in original).

However, Moore did not raise this *ex post facto* challenge in his *pro se* PCRA petition, or any amendment thereto. **See** Motion for Post Conviction Relief, 8/5/2014, at 3. It is axiomatic that a petitioner must plead and prove his entitlement to relief under the PCRA. **See** 42 Pa.C.S. § 9543(a). Consequently, any issue not included in a PCRA petition, is waived for appellate review. **See Commonwealth v. Wharton**, 811 A.2d 978, 987

---

[10] We note that Moore's PCRA attorney attached to his no-merit letter a criminal docket sheet which indicates Moore was convicted on May 9, 1973, of attempted murder, aggravated robbery, and related charges for a September 24, 1972, offense. **See** "No Merit" Letter, 3/19/2015, Exhibit 1, Criminal Docket No. CP-51-CR-1103091-1972.

(Pa. 2002) (holding PCRA "claims cannot be raised for the first time on appeal to this Court."). Therefore, Moore's *ex post facto* argument is waived on appeal.[11] *See Commonwealth v. Birdsong*, 24 A.3d 319, 348 (Pa. 2011) (finding *ex post facto* issue that was not raised in PCRA petition waived).

Nevertheless, even if we were to consider Moore's *ex post facto* claim, we would conclude he is entitled to no relief. The *ex post facto* clause, in both the United States and Pennsylvania Constitutions, "prohibits Congress and the states from passing laws which impose punishment for an act that was not punishable at the time it was committed or imposes additional punishment than was previously prescribed." *Commonwealth v. Carson*, 913 A.2d 220, 276 (Pa. 2006), *cert. denied*, 552 U.S. 954 (2007). Here, Moore argues his conviction of Section 6105, based upon the 1973 triggering

_____

[11] Moreover, we note that the fact Moore did raise this issue, for the first time, in his response to the PCRA court's Rule 907 notice is of no moment. "Where the petitioner does not seek leave to amend his petition after counsel has filed a *Turner/Finley* no-merit letter, the PCRA court is under no obligation to address new issues." *Commonwealth v. Rigg*, 84 A.3d 1080, 1085 (Pa. Super. 2014). Here, Moore never sought leave to amend his PCRA petition, but rather, simply raised new claims in his Rule 907 response. This Court has observed that Rule 907 "does not treat a response to its notice of dismissal as either an amended petition or a serial petition." *Commonwealth v. Rykard*, 55 A.3d 1177, 1187 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013). Therefore, his belated inclusion of this claim in the Rule 907 response does not preserve it for our review.

conviction, operates to impose a greater punishment for the 1973 conviction than was prescribed at the time he committed that crime. **See** Moore's Brief at 12.

However, Moore fails to acknowledge that under the Penal Code of 1939, the predecessor to our present Crimes Code, a person convicted of a crime of violence was similarly prohibited from possessing a firearm. **See Commonwealth v. Layton**, 307 A.2d 843, 844 (Pa. 1973), *citing* 18 P.S. § 4628(d) ("… No person who has been convicted in this Commonwealth or elsewhere of a crime of violence shall own a firearm, or have one in his possession or under his control"). Therefore, his conviction of persons not to possess firearms, based upon a conviction that occurred before the most recent enactment of the statute, did not constitute an *ex post facto* application of the law. **See U.S. v. Mitchell**, 209 F.3d 319, 322-323 (4th Cir. 2000) (finding no *ex post facto* violation when prosecution under Gun Control Act for possession of firearm was triggered by domestic violence conviction which occurred prior to enactment of Act), *cert. denied*, 531 U.S. 849 (2000).[12]

---

[12] We note that while federal decisions are not binding on this Court, it is well-established that those decisions "may serve as persuasive authority in resolving analogous cases." **Commonwealth v. Haskins**, 60 A.3d 538, 548 n. 9 (Pa.Super. 2012) (citation omitted), **appeal denied**, 78 A.3d 1090 (Pa. 2013).

Because we find Moore is entitled to no relief under the PCRA, we affirm the order denying his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/16/2016