J-A14034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SAL GERACE | : | |
| | : | |
| Appellant | : | No. 3163 EDA 2017 |

Appeal from the Judgment of Sentence July 25, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0003759-2016

BEFORE:   GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 30, 2018**

Appellant, Sal Gerace, appeals from the judgment of sentence imposed on July 25, 2017, following his non-jury trial conviction of possession of an instrument of a crime, terroristic threats, simple assault, and violations of the uniform firearms act (VUFA) for firearms not to be carried without a license, and carrying a firearm in public in Philadelphia.[1]  We affirm.

We take the factual and procedural history in this matter from the trial court's December 1, 2017 opinion and our review of the certified record.

> On November 7, 2015, the complainant . . . lived with Appellant and their five[-]year[-]old son in the apartment of Appellant's mother.  An argument over Appellant's attempt to give candy to the pre-diabetic child escalated into an incident where the complainant was[] told "to leave or he was going to throw me out by the neck," hit (mug slapped) in the face, and threatened while Appellant held a gun at his side.  During the gun episode,

---

[1] 18 Pa.C.S.A. §§ 907, 2706(a)(1), 2701(a), 6106, and 6108, respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

Appellant made threatening statements such as "we gotta go take a ride and he was going to fix this," and threats to kill everyone, including himself. With a history of abuse at the hands of the Appellant, [the c]omplainant [] felt threatened. When the gun appeared, it was Appellant's mother who called the police.

When Police Officer Mike Edwards arrived[,] he first encountered Appellant[,] who was standing outside. The officer also encountered the complainant who ". . . was crying. She was scared, face was trembling." The complainant told Officer Edwards ". . . after [Appellant] pulled out the firearm and threatened to kill her, he left the property, went outside, put the firearm in a duffle bag that was inside of the trunk of his car which was directly outside." As a result of this conversation, the complainant opened the car trunk and showed the duffle bag. Appellant gave the officer permission to look inside the bag along with the key to open it. A locked firearm was inside the bag, all of which the officer transported to the detective division for processing.

Police Officer [Mark] Wilusz of the Firearm Identification Unit testified that the firearm recovered from Appellant arrived for processing "with a master trigger lock fixed to the frame," which "inhibited, basically, anybody from pulling the trigger of the firearm." A key for the trigger lock was not recovered. The firearms examiner used a drill press to remove the lock, a procedure which took less than a minute[,] and the lock "came off relatively easily." The weapon was found to be operable.

(Trial Court Opinion, 12/01/17, at 2-3) (record citations omitted).

A non-jury trial was held on December 20, 2016 and January 3, 2017. After trial, the court found Appellant guilty of all charges. On August 30, 2017, following a hearing, the court denied Appellant's post-sentence motion. This timely appeal followed.[2]

Appellant presents three questions on appeal:

_____

[2] Pursuant to the court's order, Appellant filed a concise statement of errors complained of on appeal on October 12, 2017. The trial court entered its opinion on December 1, 2017. *See* Pa.R.A.P. 1925.

1. Was the evidence sufficient to prove beyond a reasonable doubt that the Appellant was guilty of violation of the [UFA] and [p]ossession of an [i]nstrument of [c]rime where the weapon that was recovered in this case was not readily operable?

2. Was the evidence sufficient to prove beyond a reasonable doubt that the Appellant was guilty of simple assault where the Appellant merely slapped the side of his wife's face during a domestic argument, the victim did not sustain impairment of a physical condition or substantial pain and the hand[]gun that was recovered by the police had not been pointed at her?

3. Was the evidence sufficient to prove beyond a reasonable doubt that the Appellant was guilty of [t]erroristic [t]hreats where the Appellant did not have the necessary *mens rea* with respect to statements attributed to him that were made in the context of a heated domestic discussion with his wife, during which time the Appellant did not have a gun on his possession and at no time was a firearm pointed at the complainant?

(Appellant's Brief, at 3).

Our standard of review for a challenge to the sufficiency of the evidence is well settled.

When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. In addition, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented.

**Commonwealth v. Smith**, 146 A.3d 257, 261-62 (Pa. Super. 2016)

(citations and quotation marks omitted).

- 3 -

In his first issue, Appellant challenges the sufficiency of the evidence to support his VUFA conviction of firearms not to be carried without a license and carrying a firearm in public in Philadelphia.[3] (*See* Appellant's Brief, at 7-11). He claims that the evidence was insufficient because the Commonwealth did not prove that he possessed a key or other implement that would permit him to operate the firearm. (*See id.* at 10-11). We disagree.

Appellant was convicted of violating sections 6106(a)(1) and 6108 of the Uniform Firearms Act. Section 6106(a)(1) states, in relevant part:

§ 6106. Firearms not to be carried without a license

**(a) Offense defined.**—

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1).

Section 6108 provides: "No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless: (1) such person is licensed to carry a firearm . . . ." 18 Pa.C.S.A. § 6108(1).

_____

[3] Although Appellant's question presented also challenges the sufficiency of the evidence to support his possession of an instrument of crime conviction, he failed to raise such issue in his Rule 1925(b) statement of errors complained of on appeal; therefore, it is waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

In ***Commonwealth v. Gainer***, 7 A.3d 291 (Pa. Super. 2010), *appeal denied*, 23 A.3d 1055 (Pa. 2011), this Court considered whether operability of a firearm was a necessary component of sufficient evidence to sustain a conviction under section 6106. It held that "'[i]n order to sustain convictions under [this] section, the firearm in question must have been operable or capable of being converted into an object that could fire a shot.'" ***Gainer***, *supra* at 298 (quoting ***Commonwealth v. Stevenson***, 894 A.2d 759, 775 (Pa. Super. 2006), *appeal denied*, 917 A.2d 846 (Pa. 2007)); ***see also Commonwealth v. Layton***, 307 A.2d 843, 845 (Pa. 1973) ("An operable firearm may be said to be under the control of the alleged actor even though it is a malfunctioning assembled firearm or a disassembled firearm, if the alleged actor has under his control the means to convert the inoperable firearm into an operable firearm.").

The ***Gainer*** Court determined that unlike in ***Layton***, where the evidence was not sufficient because there was no evidence to explain why the gun would not fire, the firearms expert in ***Gainer*** testified that the pistol would not fire because a metal burr had formed, preventing a round from chambering. The expert explained that he was able to make the pistol operable by grinding the metal burr off with a small tool. ***See Gainer***, *supra* at 299.

Here, similarly, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude the evidence was sufficient to establish that Appellant's firearm was capable of being converted into an operable firearm. ***See Smith***, *supra* at 261-62; ***Gainer***, *supra* at 299. The

evidence demonstrated that after the trigger lock was removed (either by drilling through the trigger lock or simply using a key—which one could reasonably infer that Appellant, as the owner of the locked firearm, might possess), the firearm was operable.[4]  (*See* N.T. Trial, 1/03/17, at 24-25); *see also Gainer*, *supra* at 299 ("reject[ing] . . . contention that the Commonwealth was required to show that [a]ppellant had in his possession the tools required to repair the pistol, that [a]ppellant was aware of the pistol's inoperability, or that [a]ppellant had the knowledge or expertise needed to remove the metal burr.").  Thus, we conclude the evidence was sufficient to sustain Appellant's conviction for violating sections 6106 and 6108 of the Uniform Firearms Act.  Appellant's first issue is meritless.

In his second issue, Appellant challenges the sufficiency of the evidence to support his conviction of simple assault.  (*See* Appellant's Brief, at 11-12).  Specifically, he claims that the evidence was insufficient to prove his simple assault conviction because his wife did not sustain significant impairment or pain.  (*See id.*).  We disagree.

Appellant was convicted of simple assault pursuant to 18 Pa.C.S.A. § 2701(a), which provides that "a person is guilty of assault if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another; (2) negligently causes bodily injury to another with a deadly weapon;

---

[4] Here, the firearms expert explained that he used a drill press to drill off the trigger lock; however, the same could have been reasonably accomplished using a hand drill, if one did not have a drill press readily available. (*See* N.T. Trial, 1/03/17, at 26, 28).

[or] (3) attempts by physical menace to put another in fear of imminent serious bodily injury . . . ." 18 Pa.C.S.A. § 2701(a)(1)-(3).

"18 Pa.C.S.A. § 2301 defines 'bodily injury' as '[i]mpairment of physical condition or substantial pain.' [18 Pa.C.S.A. § 2301.] Substantial pain may be inferred from the circumstances surrounding the physical force used." *Commonwealth v. Duck*, 171 A.3d 830, 836 (Pa. Super. 2017) (case citation omitted); *see Commonwealth v. Smith*, 848 A.2d 973, 976 (Pa. Super. 2004), *appeal denied*, 860 A.2d 489 (Pa. 2004) ("For the crime of Simple Assault, [t]he existence of substantial pain may be inferred from the circumstances surrounding the use of physical force even in the absence of a significant injury.") (citation and internal quotation marks omitted).

Here, the trial court, which acted as fact finder in this non-jury trial, concluded that the evidence "is clear that Appellant physically assaulted his wife with a mug slap to the face, put her in fear of bodily harm, retrieved a firearm, and verbally threatened to kill her with the gun at his side and/or forced her to take a ride to fix this." (Trial Ct. Op., at 4) (record citations and internal quotation marks omitted). Additionally, the victim testified at trial that she was sitting in the laundry room crying because Appellant had hit her. (*See* N.T. Trial, 12/20/16, at 17). Accordingly, we conclude that it is reasonable to infer that the victim endured substantial pain when she was crying after having been struck on the side of the head by Appellant. (*See id.* at 17-18). Consequently, we conclude that the evidence is sufficient to

support Appellant's conviction of simple assault. Appellant's second issue does not merit relief.

Finally, in his third issue, Appellant claims that the evidence was not sufficient to prove that he was guilty of terroristic threats. (**See** Appellant's Brief, at 12-13). Specifically, he claims that his statements were made in the context of a "heated domestic discussion" and the Commonwealth failed to prove that he had the necessary *mens rea*. (**Id.** at 12). We disagree.

> The crime of terroristic threats is committed when a person "communicates, either directly or indirectly, a threat to commit any crime of violence with intent to terrorize another." 18 Pa.C.S.A. § 2706(a)(1). An express or specific threat is not necessary to sustain a conviction for terroristic threats. Consequently, [i]t is unnecessary for an individual to specifically articulate the crime of violence which he or she intends to commit where the type of crime may be inferred from the nature of the statement and the context and circumstances surrounding the utterance of the statement.
>
> [T]he harm sought to be prevented by the statute is the psychological distress that follows from an invasion of another's sense of personal security[.] Nevertheless, whether the person threatened actually believes the threat will be carried out is irrelevant, as such a factor is not an element of the offense.

**Commonwealth v. Martinez**, 153 A.3d 1025, 1028-29 (Pa. Super. 2016) (case citations and some quotation marks omitted).

In the instant case, the evidence at trial demonstrated that Appellant "retrieved a firearm, and verbally threatened to kill [the victim] with the gun at his side, and/or forced her to take a ride 'to fix this.'" (Trial Ct. Op., at 4). The victim testified that she felt scared after Appellant threatened to kill her, her child, and himself. (**See** N.T. Trial, 12/20/16, at 26).

Thus, it is reasonable to infer that Appellant's threat to kill the victim, her child, and himself, while he was carrying a firearm, was intended to "place [the victim] in a resultant state of fear and submission." ***Martinez***, ***supra*** at 1029.  Accordingly, we conclude that the evidence was sufficient to prove that Appellant threatened to commit a crime with the intent to terrorize his victim. ***See id.*** at 1028-29.  Appellant's challenge to the sufficiency of the evidence offered to prove terroristic threats is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/18