J-S67024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.H., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.H., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3998 EDA 2017 |

Appeal from the Order November 9, 2017
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-JV-0002150-2017

BEFORE: OTT, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JANUARY 16, 2019**

Appellant S.H. appeals from the order of disposition adjudicating him delinquent for the offense of possession of a firearm by a minor and possession of firearm prohibited.[1]  Appellant challenges the sufficiency of the evidence for possession of a firearm by a minor because it was undisputed the gun was inoperable.  We vacate the adjudication of delinquency for the offense of 18 Pa.C.S. § 6110.1.  We otherwise affirm the remainder of the adjudication and the disposition.

We briefly state the facts and procedural history, as set forth by the trial court:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6110.1 and 6105, respectively.

On October 13, 2017 at approximately 11:30PM, Philadelphia police officers Lally (Badge # 4141) and McCullough (Badge [No.] 3552) were on patrol at the 3800 block of N. 13th Street. Officer Lally observed [Appellant] and a second male, later identified as S.B., on the west side of the street. Officer Lally observed [Appellant] holding a blunt, as well as a pink tube, which the officer believed to contain marihuana. Officer Lally stopped his patrol vehicle, and opened the vehicle door. [Appellant] and S.B. began to run southbound on the 3800 block of N. 13th Street. As he ran, [Appellant] was holding his waistband. Officer Lally followed the individuals in the patrol vehicle, while Officer McCullough engaged in a foot chase. Officer Lally observed the individuals run westbound onto Butler Street, then turn southbound onto the 3700 block of Park Street. During the chase, Officer Lally observed [Appellant] discard a dark grey firearm to the ground and continue to run eastbound through an alleyway between Park Street and N. 13th Street. Officer Lally was able to go around the corner, where he observed [Appellant] remove his red hoodie and place it next to a car. [Appellant] then began to walk on the 1300 block of Airdrie Street. As Officer Lally's patrol car was coming down the street, he observed [Appellant] attempt to hide himself between parked vehicles. Officer Lally was able to apprehend [Appellant], as he was hiding underneath a parked truck.

The discarded firearm was recovered and identified as a dark grey 24 caliber Raven Arms, loaded with six rounds.

Said firearm, bearing serial number 1803029, was submitted to the ballistics unit for testing, and Officer Drew of the Firearms Identification Unit determined the firearm to be inoperable, due to a broken missing portion of the firing pin. Officer Drew also reported that there was gunshot residue in the barrel.

Trial Ct. Op., 3/14/18, at 2-3. The court adjudicated Appellant delinquent of the above offenses.[2] Appellant timely appealed and timely filed a court-

_____

[2] The court granted Appellant's motion for acquittal of charges of violating sections 6106 and 6108, which we discuss in further detail below.

ordered Pa.R.A.P. 1925(b) statement.[3]

Appellant raises the following question on appeal:

Was not the evidence insufficient to convict [A]ppellant of possession of a firearm by a minor, 18 Pa.C.S.[] § 6110.1, where the gun was inoperable due to a broken missing portion of the firearm's firing pin, and the Commonwealth offered no evidence that the firearm could have readily been made operable by means [A]ppellant had under his control[?]

Appellant's Brief at 3.

Appellant argues there is no dispute that the gun was not operable. *Id.* at 9-10. He acknowledges that while there is no applicable case construing section 6110.1, "Pennsylvania courts have held that operability is an element of other firearm offenses such as § 6106." *Id.* at 10 (citing *Commonwealth v. Layton*, 307 A.2d 843 (Pa. 1973); *Commonwealth v. Gainer*, 7 A.3d 291 (Pa. Super. 2010)). Appellant claims that except for section 6105, the Commonwealth is required to prove operability of the firearm as an element of a chapter 61 offense. *Id.* at 11. Specifically, Appellant asserts that section 6106 uses the definition of "firearm" set forth in section 6102, which requires that the weapon be operable. *Id.* Building on that premise, Appellant argues that section 6110.1 must also use the section 6102 definition of firearm, including its operability element. *Id.* Therefore, Appellant concludes that

---

[3] We note that "a juvenile, like an adult defendant in a criminal proceeding, should be permitted to challenge the sufficiency of the evidence for the first time on appeal." *In re D.S.*, 39 A.3d 968, 973 (Pa. 2012).

because section 6110.1 requires an operable firearm, as defined by section 6102, the adjudication for section 6110.1 must be vacated. *Id.* at 12.

The standard of review for a challenge to the sufficiency of the evidence follows:

> A claim challenging the sufficiency of the evidence presents a question of law. We must determine whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt. We must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict.

*Commonwealth v. McFadden*, 156 A.3d 299, 303 (Pa. Super.) (citation omitted), *appeal denied*, 170 A.3d 993 (Pa. 2017).

> The rules of statutory interpretation are well-settled:
>
> The Statutory Construction Act, 1 Pa.C.S. §§ 1901-1991, sets forth principles of statutory construction to guide a court's efforts with respect to statutory interpretation. In so doing, however, the Act expressly limits the use of its construction principles. The purpose of statutory interpretation is to ascertain the General Assembly's intent and to give it effect. In discerning that intent, courts first look to the language of the statute itself. If the language of the statute clearly and unambiguously sets forth the legislative intent, it is the duty of the court to apply that intent and not look beyond the statutory language to ascertain its meaning. Courts may apply the rules of statutory construction only when the statutory language is not explicit or is ambiguous.
>
> . . . We must read all sections of a statute together and in conjunction with each other, construing them with reference to the entire statute. When construing one section of a statute, courts must read that section not by itself, but with reference to, and in light of, the other sections. Statutory language must be read in context, together and in conjunction with the remaining statutory language.

> Every statute shall be construed, if possible, to give effect to all its provisions. We presume the legislature did not intend a result that is absurd, impossible, or unreasonable, and that it intends the entire statute to be effective and certain. When evaluating the interplay of several statutory provisions, we recognize that statutes that relate to the same class of persons are *in pari materia* and should be construed together, if possible, as one statute.

*Commonwealth v. Arcelay*, 190 A.3d 609, 616 (Pa. Super. 2018) (citation omitted).

Section 6102 defines "firearm" as follows:

> Subject to additional definitions contained in subsequent provisions of this subchapter which are applicable to specific provisions of this subchapter, the following words and phrases, when used in this subchapter shall have, unless the context clearly indicates otherwise, the meanings given to them in this section:
>
> \* \* \*
>
> **"Firearm."** Any pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches. The barrel length of a firearm shall be determined by measuring from the muzzle of the barrel to the face of the closed action, bolt or cylinder, whichever is applicable.

18 Pa.C.S. § 6102.

Section 6110.1 defines the offense of possession of firearm by a minor:

> **(a) Firearm.—**Except as provided in subsection (b),[4] a person under 18 years of age shall not possess or transport a firearm anywhere in this Commonwealth.

---

[4] Subsection (b) does not apply to this case.

- 5 -

18 Pa.C.S. § 6110.1.

In *Commonwealth v. Gainer*, 7 A.3d 291 (Pa. Super. 2010), the defendant had challenged his conviction for violating 18 Pa.C.S. § 6106, which employs the section 6102 definition of firearm. *Gainer*, 7 A.3d at 296. The *Gainer* Court noted that prior appellate courts have construed section 6102 to include an operability element in resolving sufficiency challenges under section 6106. *Id.* at 298 (citing and discussing cases). The *Gainer* Court therefore addressed whether the firearm at issue was operable. *Id.*

Specifically, in *Gainer*, the issue was whether the firearm, which was inoperable when recovered by the police, "was capable of being converted into an object that could fire a shot." *Id.* (internal quotation marks and citation omitted). The *Gainer* Court noted that because the Commonwealth presented testimony that the defendant could have easily and quickly made the firearm operable, the defendant could not reverse his section 6106 conviction. *Id.* at 299.

Here, section 6110.1, identical to section 6106, lacks a separate definition of firearm; thus, section 6110.1 relies on the definition of firearm set forth in section 6102. *See id.* at 298. Because the *Gainer* Court held that operability was an element of section 6106—since it incorporated the section 6102 definition of firearm—it follows that section 6110.1, which also incorporates the section 6102 definition of firearm, must also have an operability element. *See id.* Indeed, when Appellant moved for acquittal for

his sections 6106 and 6108 charges on the basis that the gun was inoperable, the Commonwealth conceded as follows:

> [Commonwealth]: That is correct, your Honor, the gun is inoperable, and we don't have anyone to testify as to how quickly it would be able to be made operable, so I have no argument on those counts.

N.T. Trial, 11/9/17, at 27. The court immediately granted Appellant's motion for acquittal on those charges. *Id.* at 28. The Commonwealth, therefore, cannot establish that the gun was operable or readily made operable as to sustain its burden of proof for section 6110.1. *See Gainer*, 7 A.3d at 298. Even after viewing the record in the Commonwealth's favor, the evidence was insufficient to establish the gun's operability. *See* N.T. Trial at 27; *McFadden*, 156 A.3d at 303.

We need not remand for a new disposition, however, because the trial court noted that its disposition would remain unchanged given Appellant's unchallenged adjudication of delinquency for violating section 6105. *See* Trial Ct., 3/14/18, at 4; *accord* Adjudicatory/Dispositional Hr'g Order, 11/9/17 (ordering placement for adjudication of delinquency for violating sections 6105 and 6110.1). We therefore vacate the adjudication of delinquency for section 6110.1.

Order affirmed in part and reversed in part. Adjudication of delinquency for section 6110.1 reversed. Adjudication of delinquency for section 6105 affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/16/19