J-S25030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANKIE DUKES | : | |
| | : | |
| Appellant | : | No. 1621 EDA 2020 |

Appeal from the Judgment of Sentence Entered June 19, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0006912-2018

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                Filed: December 23, 2021

Frankie Dukes appeals the judgment of sentence imposed on his convictions for Possession of a Firearm Prohibited, Firearms Not to be Carried Without a License, Possession of a Controlled Substance, and Possession of Drug Paraphernalia.[1] On appeal, he challenges the sufficiency of the evidence to sustain his convictions for the firearms offenses. We reverse Dukes' conviction for Firearms Not to be Carried Without a License, affirm the remaining convictions, and remand for resentencing.

On October 5, 2018, around 9:15 a.m., Pennsylvania State Trooper Matthew Brennan was on vehicular patrol southbound on Interstate 95. N.T., 1/15/20, at 10-11. He observed a Dodge Chrysler minivan following too

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105(a)(1) and 6106(a)(1); 35 P.S. §§ 780-113(a)(16), 780-113(a)(32), respectively.

closely to another vehicle and ran the registration, which had expired in August 2018. *Id.* at 11-12. Trooper Brennan activated his lights and sirens and initiated a traffic stop, approaching the passenger side of the car. ***See id.*** Dukes identified himself by name and provided a Delaware identification card but did not have a driver's license. *Id.* at 14. Trooper Brennan detected the strong odor of marijuana and requested Dukes' license, insurance, and registration. *Id.* at 15-16. Dukes was nervous, stuttering, and glassy-eyed. The car was not registered to Dukes, but to a woman he claimed was his girlfriend. *Id.* at 17-18.

Trooper Brennan requested backup and searched the vehicle. *Id.* at 20-21. He later testified, "My immediate observation was to the front passenger side seat. It had a drawer that was attached to the seat. I pulled out the drawer and I immediately observed a black pistol. It appeared loaded. It was – I believe it was a Polish P-64 handgun." N.T., 1/15/20, at 21. Police recovered 67 small plastic bags filled with marijuana from a panel compartment inside the vehicle above the rear driver's side tire. *Id.* at 21-22. Following Dukes' arrest, 10 bags of cocaine were located in his front pant area, two Percocet pills from inside his right sock, and an additional "white pill" in his jacket. *Id.* at 25.

At Dukes' bench trial, the Commonwealth and defense counsel stipulated to the results of the drug lab report, namely, that the drugs had been tested and "they are what they are." *Id.* at 28-29. The Commonwealth introduced evidence that Dukes did not have a license to carry firearms and,

based upon Dukes' prior convictions for PWID and firearms offenses, counsel stipulated that he was a person who was not to possess firearms. *Id.* at 86-87. The prosecution did not introduce into evidence either the firearm police recovered or photographs of the firearm or of any ammunition. *Id.* at 2, 20-22, 86-87. Nor did the Commonwealth proffer expert testimony or a ballistic report. *Id.* Trooper Brennan stated that the firearm "appeared loaded" and that he believed the gun was a Polish P-64 handgun. He did not testify about the caliber, weight, size, or any of the firearm's other relevant details. *Id.*

Dukes was convicted of the firearms and drug offenses listed above and received an aggregate sentence of six to 12 years of incarceration and an aggregate of one year of consecutive probation. Dukes filed post-sentence motions and a timely notice of appeal.

On appeal, Dukes raises the following issues:

> 1. Whether the evidence is insufficient to sustain the convictions for count three, persons not to possess firearms, and count four, firearms not to be carried without a license, since the prosecution failed to prove beyond a reasonable doubt that [Dukes] actually or constructively possessed the alleged firearm?
>
> 2. Whether the evidence is insufficient to sustain the conviction for count four, firearms not to be carried without a license, since the prosecution failed to prove beyond a reasonable doubt that [Dukes] possessed an actual "firearm" as 18 Pa. C.S.[A.] § 6102 defines one, especially where the prosecution presented no evidence regarding the purported firearm's size?
>
> 3. Whether the evidence is insufficient to sustain the conviction for count three, persons not to possess firearms, since the prosecution failed to prove beyond a reasonable doubt that [Dukes] possessed an actual "firearm" as 18 Pa.

C.S. § 6105(i) defines one, especially where the prosecution presented no evidence that the purported firearm was designed or readily convertible to expel any projectile by action of explosive?

Dukes' Br. at 5.

All three of Dukes' issues challenge the sufficiency of the evidence to sustain his convictions for firearms offenses. Essentially, he argues that because the vehicle was not registered to him, the Commonwealth did not prove that he actually or constructively possessed the firearm. Dukes' Br. at 13. He also contends that the evidence does not support the conviction for Firearms Not to be Carried Without a License because the prosecution did not present any evidence of, among other things, the firearm's barrel length. **See id.** at 22. Finally, he contends that the Commonwealth did not prove Persons Not to Possess Firearms because there was no evidence that the firearm was operable. **See id.** For ease of analysis, we will address Dukes' second and third issues first.

When reviewing a challenge to the sufficiency of the evidence, we are "required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Neysmith**, 192 A.3d 184, 189 (Pa.Super. 2018) (citation omitted). Our standard of review is *de novo* and our scope of review is plenary. **Id.** "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable

doubt." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). The Commonwealth may sustain its burden by means of wholly circumstantial evidence. ***Commonwealth v. Dix***, 207 A.3d 383, 390 (Pa.Super. 2019). Further, the trier of fact is free to believe all, some, or none of the evidence. ***Commonwealth v. Beasley***, 138 A.3d 39, 45 (Pa.Super. 2016). When performing sufficiency review, "this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed." ***Commonwealth v. Smith***, 146 A.3d 257, 261 (Pa.Super. 2016).

Dukes contends that the evidence was insufficient to convict him under 18 Pa.C.S.A. § 6106 because the Commonwealth did not prove the barrel length, an essential element of the crime. Dukes' Br. at 21.

The offense of Firearms Not to be Carried Without a License makes it a crime for "any person" to carry "a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license . . . ." 18 Pa.C.S.A. § 6106(a)(1). For purposes of this statute, a "firearm" is "[a]ny pistol or revolver with a barrel length less than 15 inches . . . or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches." 18 Pa.C.S.A. § 6102.

The Commonwealth concedes that the evidence is insufficient to support a conviction for this crime because there was no evidence at trial of barrel length. ***See*** Com.'s Br. at 10; ***Commonwealth v. Todd***, 384 A.2d 1215, 1217

(Pa. 1978) (superseded by statute).[2] Our review confirms the concession. Accordingly, we vacate the conviction.

Next, Dukes contends that the evidence was insufficient to support his conviction for Possession of a Firearm Prohibited because there was no evidence that the firearm was designed, or could readily be converted, to expel projectiles by the action of an explosive. Dukes Br. at 25 (citing 18 Pa.C.S.A. § 6105(i)). The Commonwealth responds that Trooper Brennan in his testimony identified the make and model of the firearm and said it appeared loaded. Commonwealth's Br. at 6-8. The Commonwealth avers that the court applied common sense to infer that the firearm was loaded with bullets and that it therefore must have been designed to fire ammunition. *Id.* at 8-9. In response, Dukes points out that Trooper Brennan never testified that the object was loaded with bullets, only that it was "loaded," and that there was no support in the record for the contention that the object contained actual centerfire or rimfire cartridges. Dukes' Reply Br. at 8-9.

The subsection of Persons Not to Possess under which Dukes was convicted requires the Commonwealth to prove, beyond a reasonable doubt, that Dukes: (1) possessed, used, controlled, sold, transferred, or manufactured a firearm; and (2) had been adjudicated delinquent for a

---

[2] In 1995, the General Assembly amended Section 6102 to include the word "length" following the word "barrel" and Section 6105 to include its own, current definition of firearm. *See Commonwealth v. Gillespie*, 821 A.2d 1221, 1224 (Pa. 2003). Thus, while the length of the barrel is no longer an essential element of Section 6105, the definition of Section 6102 still applies with regard to Section 6106. *See*, *e.g.*, *Gillespie*, 821 A.2d at 1224.

disabling offense. ***See*** 18 Pa.C.S.A. § 6105(c)(7). A firearm is defined in this section as "any weapons which are designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon." 18 Pa.C.S.A. § 6105(i).

In ***Commonwealth v. Thomas***, 988 A.2d 669 (Pa.Super. 2009), this Court held that

> [t]he statutory language [of section 6105] is clear, and it does not require proof that the weapon was capable of expelling a projectile when it was seized; on the contrary, the fact that a person can be prosecuted simply for possessing a semiautomatic pistol frame refutes this notion because the frame requires additional parts, *e.g.*, a slide and barrel, in order to fire a bullet.[3] Thus, the use of the terms "frame" and "receiver" in section 6105(i) demonstrates that the legislature sought to eliminate the operability requirement articulated in [***Commonwealth v.*** ***Layton***[, 307 A.2d 843 (Pa. 1973),] for purposes of this section.
>
> > [3] The frame of a semiautomatic pistol is the portion of the weapon that houses the trigger and bears a serial number that must be recorded whenever a complete pistol or pistol frame is transferred through a federal firearms licensee ("FFL") to a new owner. Other gun parts such as barrels, slides, triggers, firing pins, and magazines are not regulated in this manner and may be purchased from the manufacturer or other vendors without the assistance of an FFL. The definition of firearm codified at 18 Pa.C.S. § 6105(i) and § 6106(e) is consistent with the federal government's view that the frame of the weapon is a firearm, even if it cannot fire ammunition due to a missing barrel, trigger, or other necessary components.

***Thomas***, 988 A.2d at 672.

Regardless of the lack of a ballistics report or other evidence, Trooper Brennan testified that the gun in question was a particular make and model of pistol. This testimony alone was sufficient to support an inference that it was "designed" to expel a projectile by action of an explosive, and supports the conviction. ***Thomas***, 988 A.2d at 672; ***Beasley***, 138 A.3d 45. Dukes' argument lacks merit.

Finally, Dukes argues that the evidence is insufficient to support his convictions because the Commonwealth did not prove that he possessed the firearm. He maintains that he did not make any movements towards the gun and was only operating another person's van containing the gun. Dukes' Br. at 13-19.

Since the firearm in question was not found on Dukes' person, the Commonwealth was required to establish "constructive possession" of the firearm. ***See Smith***, 146 A.3d at 263. We have explained that constructive possession is an inference of possession, requiring proof of "conscious dominion," which is "the power to control the contraband and the intent to exercise that control." ***Commonwealth v. Parker***, 847 A.2d 745, 750 (Pa.Super. 2004) (citation and internal quotation marks omitted). The Commonwealth may prove constructive possession by the totality of the circumstances. We do not view individual pieces of evidence in isolation. ***See id.***

Dukes was only person in the vehicle, unlike the cases he cites in support of his argument. Dukes possessed the keys to the vehicle and troopers

observed him in it, with the gun at issue in an unlocked box within his reach. Accordingly, the evidence was sufficient to prove that he constructively possessed the handgun. *Parker*, 847 A.2d at 750.

We therefore reverse Dukes' conviction for Firearms Not to be Carried Without a License and affirm the remaining convictions. As the sentences for Dukes' firearms convictions were consecutive, we vacate the judgment and remand for resentencing, to ensure the court's overall sentencing scheme is not disturbed. *See Commonwealth v. Thur*, 906 A.2d 552, 569-70 (Pa.Super. 2006).

Judgment of sentence vacated. Conviction on Firearms Not to be Carried Without a License reversed. Remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/21